IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMES VALASQUEZ,<br>             Petitioner,<br><br>        vs.<br><br>MARILYN BROOKS, et al.,<br>             Respondents. | C.A. No. 05-222 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

DAVID VALASQUEZ,
        Petitioner,

    vs.                                  C.A. No. 05-222 Erie
                                         District Judge McLaughlin
                                         Magistrate Judge Baxter
MARILYN BROOKS, et al.,
        Respondents.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Respondents' Motion for Change of Venue [Document # 7] be granted and that the instant petition for writ of habeas corpus be transferred to the Eastern District of Pennsylvania.

**II.   REPORT**

This is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by a state prisoner presently incarcerated at the State Correctional Institution at Albion in the Western District of Pennsylvania.

In his petition, Petitioner David Valasquez claims that he has been precluded from pursuing direct appeal of his criminal convictions because of the trial court's failure to issue an opinion and the clerk of the trial court's failure to transmit the trial record to the Pennsylvania Superior Court since Petitioner filed his direct appeal on July 23, 2003. Petitioner was convicted of first degree murder and possessing an instrument of crime by the Court of Common Pleas of Philadelphia County, Pennsylvania, in February 1999, and was sentenced to a term of life imprisonment on May 10, 1999. As grounds for habeas relief, Petitioner claims that his due process and equal protection rights have been violated as a result of the trial court's alleged obstruction of his pursuit of a direct appeal of his convictions. Title 28 U.S.C. §2241(d)

provides that where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts,

> the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the state court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. §2241(d). See also, Bell v. Watkins, 692 F.2d 999 (5th Cir. 1982) (the district court transferred the action on the basis of the magistrate's recommendation which indicated that the district where the defendant was convicted was the more convenient forum because of the accessibility of evidence).

In the case at bar, Petitioner was tried and convicted of the offenses for which he is currently serving in Philadelphia County, Pennsylvania. Petitioner's records are located there. He is presently incarcerated at the State Correctional Institution at Albion, within the Western District of Pennsylvania. Philadelphia County is located in the Eastern District of Pennsylvania. This Court finds that the interests of justice would be better served by transferring this petition to the Eastern District of Pennsylvania wherein all activity in this case occurred.

### III.    CONCLUSION

It is respectfully recommended that Respondents' Motion for Change of Venue [Document # 7] be granted and that the petition for writ of habeas corpus be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §2241(d).

In accordance with the Magistrate Act, 28 U.S.C. § 636 (b)(1) (B) and ©), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven days from the date of service of objections to respond thereto.

Failure to file timely objections may constitute a waiver of any appellate rights.

                                                  S/Susan Paradise Baxter
                                                  SUSAN PARADISE BAXTER
                                                  Chief U.S. Magistrate Judge

Dated: November 29, 2005

cc:     The Honorable Sean J. McLaughlin
        United States District Judge